**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DANIEL R. MARTIN, #340878         :
                                  :
   Plaintiff                      :
                                  :
   v.                             :      Civil Action No.  AW-07-829
                                  :
TEBERTH EGUBE                     :
                                  :
   Defendant                      :

. . . . . . .o0o. . . . . . .
**MEMORANDUM**

This is a pro se 42 U.S.C §1983 complaint filed by Daniel R. Martin, a state inmate at the Eastern Correctional Institution.  Plaintiff claims that on September 26, 2006, Teberth Egube knowingly and falsely told police investigators that a very dark complected man with a gun had robbed a garage operated by Center Parking with the intention of injuring Martin.  Although Martin appears to name Central Parking Garage as a party defendant, he fails to state a specific claim against the corporation.[1]  Martin seeks damages in the amount of $ 53,400.

Plaintiff has requested and will be granted leave to proceed in forma pauperis.  As such, his claims are reviewed pursuant to 28 U.S.C. § 1915A.  This provision requires courts to screen civil actions brought by prisoners, and dismiss complaints which fail to state a claim upon which relief may be granted.  The Court will dismiss the complaint under this standard.

**I. Analysis**

   **A.  Defendants must be State Actors**

In order to state a claim under 42 U.S.C. § 1983, Martin must allege that the conduct about which he complains was committed by a person acting under the color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or the laws

---

[1] The Court assumes Martin is seeking to assert a claim against the corporate defendant under a theory of supervisory liability. The Court will direct the Clerk to amend the docket to reflect that Central Parking Garage is named as a defendant.

of the United States. *See* 42 U.S.C. §1983; *see also West v. Atkins*, 487 U.S. 42, 48 (1988). Martin neither alleges nor provides any evidence that either defendant was acting under state law. For this reason, the Complaint fails to state a cognizable federal claim.

   **B. Diversity of the Parties**

To the extent Martin intends to bring this action based on diversity of citizenship of the parties, the amount in controversy must exceed the sum of $75,000. *See* 28 U.S.C. §1332. The amount in controversy here is less than that prescribed by statute. Further, Plaintiff lists Mrs. Engube's address as Baltimore, Maryland, thereby defeating the complete diversity of citizenship required to bring an action under 28 U.S.C. §1332. *See Wisconsin Department of Corrections v. Schact,* 524 U.S. 381, 388 (1998). There is no basis here for the Court to exercise diversity jurisdiction.

Absent diversity of the parties, the Complaint fails to allege a federal claim over which this Court may exercise subject matter jurisdiction. Accordingly the Court shall dismiss this case without prejudice.[2] An Order consistent with this Memorandum follows.


Date:   April 9, 2007                                    /s/
                                             Alexander Williams, Jr.
                                             United States District Judge

---

[2]To the extent Martin might have any claims under state law, this Court will dismiss the Complaint without prejudice to refiling in the appropriate state forum.